UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION -- SPRINGFIELD

| | |
|---|---|
| THOMAS WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., VW CREDIT, INC.<br><br>Defendants. | Case No. 04-CV-30048 (MAP)<br><br>**EXPERIAN'S ANSWER &<br>AFFIRMATIVE DEFENSES** |

NOW COMES defendant Experian Information Solutions, Inc., by its undersigned counsel, and in answer to the Complaint, states as follows:

1. In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681p, and the law of supplemental jurisdiction. Experian states that this is a legal conclusion which is not subject to denial or admission.

2. In response to Paragraph 2 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged that he is a "consumer" as defined by FCRA section 1681a(c). Experian states that this is a legal conclusion which is not subject to denial or admission.

4. Experian admits the allegations contained in Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by FCRA 1681a(f).

6. Experian admits the allegations contained in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Experian admits that Plaintiff has alleged that Experian is engaged in "trade" and "commerce" as defined by the Massachusetts Consumer Protection Act. Experian states that this is a legal conclusion which is not subject to denial or admission.

8. In response to Paragraph 8 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to Paragraph 9 of the Complaint, Experian admits that Plaintiff has alleged that Experian is liable under the doctrine of *respondeat superior*. Experian states that this is a legal conclusion which is not subject to denial or admission.

10. In response to Paragraph 10 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to Paragraph 12 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Experian admits that attached to the Complaint appear to be copies of redacted portions of consumer reports. Experian states that the reports attached to the Complaint speak for themselves and on that basis, denies any allegations of Paragraph 18 of the Complaint inconsistent therewith.

19. In response to Paragraph 19 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Experian admits that attached to the Complaint appears to be a copy of a letter. Experian states that the letter attached to the Complaint speaks for itself and on that basis, denies any allegations of Paragraph 20 of the Complaint inconsistent therewith.

21. In response to Paragraph 21 of the Complaint, Experian denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Experian admits that attached to the Complaint appear to be copies of redacted portions of consumer reports. Experian states that the reports attached to the Complaint speak for themselves and on that basis, denies any allegations of Paragraph 23 of the Complaint inconsistent therewith.

24. In response to Paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 24 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Experian admits that attached to the Complaint appear to be copies of a letter and certified mail return receipt. Experian states that the letter and mail receipt attached to the Complaint speak for themselves and on that basis, denies any allegations of Paragraph 25 of the Complaint inconsistent therewith.

26. In response to Paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 26 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Experian realleges its responses to Paragraphs 1 through 26, as though fully set forth herein.

28. In response to Paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 28 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Experian realleges its responses to Paragraphs 1 through 29, as though fully set forth herein.

31. In response to Paragraph 31 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 31 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and,

on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 31 of the Complaint.

32.     In response to Paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

33.     In response to Paragraph 33 of the Complaint, Experian realleges its responses to Paragraphs 1 through 32, as though fully set forth herein.

34.     In response to Paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 34 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 34 of the Complaint.

35.     Experian admits that it received a letter from Plaintiff's counsel on February 6, 2004, but denies each and every remaining allegation contained in Paragraph 35 of the Complaint.

36.     In response to Paragraph 36 of the Complaint, Experian admits that attached to the Complaint appear to be copies of a letter and certified mail return receipt. Experian states that the letter and mail receipt attached to the Complaint speak for themselves and on that basis, denies any allegations of Paragraph 36 of the Complaint inconsistent therewith.

37.     In response to Paragraph 37 of the Complaint, Experian admits that it sent a letter to Plaintiff's counsel, but denies each and every remaining allegation contained therein that relates to Experian. As to the allegations in Paragraph 37 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the

truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 37 of the Complaint.

38.     In response to Paragraph 38 of the Complaint, Experian admits that attached to the Complaint appear to be copies of letters. Experian states that the letters attached to the Complaint speak for themselves and on that basis, denies any allegations of Paragraph 38 of the Complaint inconsistent therewith.

39.     In response to Paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 39 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 39 of the Complaint.

40.     In response to Paragraph 40 of the Complaint, Experian realleges its responses to Paragraphs 1 through 39, as though fully set forth herein.

41.     In response to Paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 41 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 41 of the Complaint.

42.     In response to Paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 42 of the Complaint that relate to other defendants, Experian does not

have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 42 of the Complaint.

43. In response to Paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in Paragraph 43 of the Complaint that relate to other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of Paragraph 43 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

#### (IMMUNITY)

The claims asserted against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

#### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

Dated: May 6, 2004　　　　　　　　　　BOURGEOIS, DRESSER, WHITE & BEARD

By: /s/ Robert S. White
Robert S. White (BBO#552229)
4 Dix Street
Worchester, MA 01609
(508) 798-8801

- *and* -

Nathan J. Zolik
*admitted *pro hac vice*
JONES DAY
222 East 41st Street
New York, NY 10017
(212) 326-3939

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2004, I caused a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses to be served by overnight federal express upon counsel for Plaintiff at the address listed below:

> Jason David Fregeau, Esq.
> 47 Lincoln Road
> Longmeadow, MA 01106
> (413) 567-2461

_____
Robert S. White

NY1-2131802v1