UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION




THOMAS WHEELER,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,
V.W. CREDIT, INC.,

    Defendants.

Case No. 04-CV-30048 (MAP)

### DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS ANSWER

Defendant Experian Information Solutions, Inc. ("Experian") submits this memorandum in support of its motion to file an amended answer to add the affirmative defense of the statute of limitations. Because the applicability of this affirmative defense was recently learned by Experian and because this case is in its early stages, with no depositions taken, this amendment is appropriate under Rule 15(a) of the Federal Rules of Civil Procedure.

### FACTS

Plaintiff Thomas Wheeler filed his Complaint in this matter on March 8, 2004, alleging that Experian violated the Fair Credit Reporting Act ("FCRA"). On August 25, 2004, Experian served Plaintiff with interrogatories and document requests regarding the merits of his claims and damages he allegedly suffered.

Plaintiff responded to Experian's written discovery on or about September 30, 2004. Plaintiff produced 3 letters indicating that he was either denied credit or charged an allegedly higher interest rate. In each of these letters, the denial of credit or the grant of credit at a higher interest rate occurred prior to March 8, 2004. The statute of limitations for an FCRA claim is only two years. 15 U.S.C. § 1681p.

To date, the parties have completed written discovery and document productions and have started to schedule depositions. Prior to receipt of Plaintiff's document production, Experian was not aware that any of Plaintiff's claims for damages occurred outside the statute of limitations period.

## ARGUMENT

Motions to amend pleadings are granted freely pursuant to the liberal amendment policies of Rule 15(a) of the Federal Rules of Civil Procedure. *See Interstate Litho Corp. v. Brown*, 255 F.3d 19, 25 (1st Dep't 2001). Rule 15(a) provides in pertinent part: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires*." (Emphasis added.) The United States Supreme Court has described the liberal amendment policy as follows:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Failure to grant leave to amend is reviewed for abuse of discretion. *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994).

Indeed, leave to amend will be freely granted "unless such amendment would be futile, would be prejudicial to the opposing party, or was the result of 'undue or intended delay'." *Albertini v. Summit Tech. Servs., Inc.*, 287 F. Supp. 2d 92, 95 (D. Mass. 2003) (citing *Resolution Trust Corp.*, 30 F.3d at 253). In *Albertini*, defendant filed a motion for leave to amend its answer on the eve of trial. *Id.* The court permitted defendant to amend its answer after hearing evidence at trial because plaintiff had adequate time to prepare for the additional affirmative defense at trial and the defense was meritorious. *Id.* at 95-6.

Similar to *Albertini*, Plaintiff is not prejudiced by Experian's proposed addition of the statute of limitations defense. Experian has sought to amend its answer shortly after receiving

documentation from Plaintiff indicating that the defense was applicable. Thus, Plaintiff has not suffered from any undue or intended delay in Experian's assertion of the defense.

Also, Experian's proposed amendment does not prejudice Plaintiff by requiring him to conduct additional discovery. The defense is based purely on the documentation provided by Plaintiff thus far in this case. Even assuming additional discovery on Plaintiff's part was required, there is almost one month remaining prior to the discovery deadline.

Finally, the statute of limitations defense proposed by Experian is meritorious. The FCRA sets forth a two year statute of limitations for its claims. 15 U.S.C. § 1681p. Plaintiff has asserted that he suffered credit denials or similar damages that occurred prior to March 8, 2004, the date Plaintiff filed his Complaint in the instant lawsuit. Furthermore, the statute of limitations defense is favored by the courts because it prevents the litigation of stale claims, such as Plaintiff's claims herein. *See, e.g., United States v. Meyer*, 808 F.2d 913, 921 (1st Cir. 1987). Because Experian's proposed amendment does not unduly prejudice Plaintiff and is meritorious, Experian's motion for leave to amend should be granted.

## CONCLUSION

For all the foregoing reasons, Experian respectfully requests the Court to grant its motion for leave to amend its answer.

NYI-2162793v1

Dated: New York, New York
October 25, 2004

EXPERIAN INFORMATION SOLUTIONS, INC.

*[signature: Albert J. Rota]*

Albert J. Rota, Esq. *pro hac vice*
JONES DAY
222 E. 41st Street
New York, New York  10017
Tel:  (212) 326-3958
Fax:  (212) 755-7306

- and -

Robert S. White (BBO#552229)
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609
Telephone: 508-798-8801
Fax: 508-754-1943

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, first-class mail, postage prepaid, on this 25th day of October, 2004, to:

> Jason David Fregeau, Esq.
> Attorney at Law
> 47 Lincoln Road
> Longmeadow, MA  01106
>
> *Attorney for Plaintiff*

*[signature]*
Albert J. Rota