IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION AT SPRINGFIELD

THOMAS WHEELER,                :       No. 04-30048-MAP
         Plaintiff             :
                               :
     v.                        :
                               :
EXPERIAN INFORMATION           :
   SOLUTIONS, INC.,            :
VW CREDIT, INC,                :
         Defendants            :

---

Plaintiff's Opposition to Defendant Experian's Motion for Leave to File an Amended Answer

---

Plaintiff Thomas Wheeler opposes Defendant's motion for leave to file an amended answer. Defendant's proposed additional affirmative defense of statute of limitations is not meritorious and, in fact, has no factual basis.

Defendant does not provide any of the dates or damages to which it refers. Rather, Defendant states only that Mr. Wheeler incurred damages prior to the March 8, 2004, filing of his complaint. Logically, of course, Mr. Wheeler must have incurred damages prior to the 2004 filing. Yet Defendant leaves to the imagination what evidence it might have of any damages incurred prior to March 8, 2002.

Indeed, Defendant's lack of factual support for its proposed

affirmative defense is in keeping with its philosophy of litigation. When asked to provide the factual bases of its current affirmative defenses, Defendant declined to provide <u>any</u> facts and instead stated that it will "use discovery" to find the factual bases for its affirmative defenses. Defendant's Int. Resp. No. 7 (attached); Letter from A.Rota, p. 3 par. 7 (Oct. 25, 2004) (attached). Indeed, Defendant states that, <u>after discovery is over</u> it will reveal which affirmative defenses are supported or unsupported. <u>Id</u>.

The standard for granting a leave to amend under Rule 15 is light, but not non-existent. The moving party has the burden, however slight, of providing substantive support. The Court should deny Defendant's unsupported application for leave to file an amended answer.

                                  Respectfully submitted,

                                  Jason David Fregeau,
                                  Trial Attorney (0055426)

                                  47 Lincoln Road
                                  Longmeadow, MA 01106
                                  413/567-2461
                                  413/567-2932 fax

                                  Attorney for Plaintiff

## Certificate of Service

I certify that a copy of the foregoing Plaintiff's Opposition to Defendant Experian's Motion for Leave to File an Amended Answer has been served by United States Mail, postage prepaid, upon Defendant Experian's counsel, Albert J. Rota, at 222 East 41st St., New York, NY 10017-6702, this 28th day of October, 2004.

_____
Jason David Fregeau, Esq.

request explanation only of denials where Experian has knowledge or information sufficient to form a belief as to the truth of the allegations. Subject to the foregoing, Experian lists the following facts:

<u>Paragraph 9</u>:   The doctrine of respondeat superior is not applicable in this case.

<u>Paragraphs 22</u> :     Experian has no records indicating that any Volkswagon Credit tradelines appeared on Plaintiff's credit file. As paragraph 22 is phrased, it is not possible for a tradeline from one person's credit file to be placed onto another person's credit file unless the creditor reporting such information provides Experian with the second person's identification information.

<u>Paragraphs 24, 26, 28, 29, 31, 32, 34, 39, 41, 42, 43</u>:     Mr. Wheeler's April 2003 letter did not contain sufficient identification information, including a social security number, to permit Experian to access his credit file and initiate an investigation. <u>See</u> EXP-WLR 0023. Experian has no record of Mr. Wheeler's April 2003 letter or any other investigation request.

<u>Paragraph 37</u>: Mr. Wheeler's credit history at the time of Plaintiff's letter did not contain a Volkswagon Credit tradeline. <u>See</u> EXP-WLR 0014.

**INTERROGATORY NO. 7:**   For each affirmative defense that has been or will be asserted in answer to the complaint, state with particularity the factual or legal basis and the evidence relied upon, including but not limited to identifying all documents and persons consulted or with knowledge of any factual basis.

**RESPONSE:** Subject to its General Objections and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian directs Plaintiff to its Privilege Log which was previously produced. Experian further responds that it will use discovery to provide a factual basis for the remainder of the affirmative defenses.

**INTERROGATORY NO. 8:**   State whether any suit, civil or criminal, has been file against Defendant in any jurisdiction for any matter within the past five years and, if so, include the date, jurisdiction, case caption, case number, and a brief description of the content of the complaint.

**RESPONSE:** In addition to its General Objections, Experian objects to this Interrogatory on the ground that it seeks information that is neither relevant to the issues in this lawsuit, nor reasonably calculated to lead to discoverable evidence as required by Rules 26 and 33 of the Federal Rules of Civil Procedure. Experian further objects to the Interrogatory on the ground

- 6 -

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

Direct Number: (212) 326-3958
ajrota@jonesday.com

JP000838
026123-050687                           October 25, 2004

<u>VIA FAX (413) 567-2461 AND U.S. MAIL</u>

Jason David Fregeau
Attorney at Law
47 Lincoln Road
Longmeadow, MA 01106

       Re:   <u>Wheeler v. Experian Information Solutions, Inc.</u>

Dear Mr. Fregeau:

      In response to your letter dated October 18, 2004, Experian disputes your interpretation of the proposed Confidentiality Agreement and Experian's obligations under Rule 34. As such, this letter considers the topics raised in Plaintiff's October 18th letter in order and by reference to paragraph number.

      <u>Document Responses</u>:

      1.     Experian will produce the three documents identified in its privilege log as confidential subject to the entry of a confidentiality order. Although Plaintiff continues to state that he will limit disclosure to himself and his attorney, this offer ignores the scope of the protection that the proposed confidentiality agreement provides for Experian's trade secrets. The proposed confidentiality agreement permits use of any confidential material "within the scope of this litigation" only. (Proposed Confidentiality Agreement at § 8.) Experian contends that Plaintiff's counsel's veiled problems with the proposed agreement stem from this limitation on the use of Experian's trade secrets. (<u>See</u> Letter from Mr. Fregeau to Mr. Rota, dated September 15, 2004). In fact, Plaintiff's counsel has failed to respond to Experian's previous request that Plaintiff review the proposed confidentiality agreement and provide comments on each individual section that Plaintiff does not agree with. (Experian's September 20, 2004 Letter to Mr. Fregeau.) Thus, Experian is confident that the Court will look favorably on a motion for a protective order regarding these documents based on your overriding concern with using Experian's trade secrets in other litigation.

      Furthermore, Plaintiff's concern regarding Experian's ability to "label any document as secret" is unfounded. Initially, Experian states that it marked the documents referred to in paragraph 1 on page 2 of the October 18, 2004 letter "confidential" in error and withdraws any confidential assertion as to those documents. In addition, Plaintiff and Experian have the ability

NYI-2162638v2

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Jason David Fregeau
October 25, 2004
Page 2

to challenge any material that is designated as confidential by the opposing party. (Proposed Confidentiality Order at § 12.)

Finally, as requested by Plaintiff, Experian already altered the language in the proposed confidentiality order to comply with the requirements of Local Rule 7.2. (See Experian's August 16, 2004 Letter to Mr. Fregeau.)

2. The information provided on Experian's privilege log clearly establishes the privileged status of the two documents referred to therein. One document is a letter from an attorney to his client requesting that she perform a task and report back to the attorney. The second document is an Admin Report containing handwritten notations from the client to the attorney in response to the letter referred to above. Experian has already stated that it will provide a copy of the Admin Report, without the handwritten notations, to Plaintiff upon entry of the protective order. Experian states that it is a waste of its, and more importantly, the Court's time to deal with this issue. Furthermore, it is Plaintiff's burden to come forward with evidence that the documents listed in the log are not protected by privilege.

3. Experian does not maintain searchable "snapshot" copies of its consumer credit database that permits it to "re-create" a credit report. It is possible that one of Experian's competitors maintains such a practice. See, e.g., Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 2002 U.S. App. LEXIS 11159 (5th Cir. Jun. 11, 2002). Furthermore, the relevancy of any archived information is miniscule compared to the burden of production on Experian. None of the creditors for which Plaintiff claims damages, as evidenced by his document production and interrogatory responses, accessed Plaintiff's Experian credit report during the statute of limitations period. Thus, even assuming that the allegedly inaccurate information appeared on Plaintiff's report, it was not viewed by the creditors that denied Plaintiff credit. In addition, Plaintiff has copies of merged credit reports from third-party providers, which include Experian information, from the time period in question.

Also in paragraph 3 of the October 18, 2004 letter, Plaintiff asserts, without citation, that "Defendant is obligated to check with . . . [affiliated] organizations for document[s]" pursuant to his document requests. However, Experian is required to search for and produce documents that are under its "custody and control." FRCP 34. The documents in the possession of ConsumerInfo.Com, Inc. are not under Experian's custody or control and Experian cannot access ConsumerInfo.Com's documents for its own business purposes. Thus, Experian disagrees with Plaintiff's incorrect assertion as to its responsibilities under the Federal Rules.

4. Contrary to Plaintiff's assertion, Experian's response to interrogatory 8 and document request 7 set forth straight forward, and correct, objections. Prior lawsuits against Experian are wholly irrelevant to Plaintiff's claim against Experian herein. As to request 7, Plaintiff did not request a list of civil litigation, he requested the actual documents. I will look into whether a list of previous litigation is available but Plaintiff's requests for copies of actual

NYI-2162638v2

**JONES DAY**

Jason David Fregeau
October 25, 2004
Page 3

Complaints filed in civil litigation is unduly burdensome and Experian states that it is not required to produce such documents.

Experian's Interrogatory Responses

5.   Experian provided Plaintiff with a copy of the executed verification for its interrogatory responses by letter dated September 13, 2004. A copy of that letter is included herein.

6.   Experian confirms that the communications described in its response to interrogatory number 4 occurred between counsel after service of Plaintiff's demand letter.

7.   Experian disagrees with Plaintiff's argument regarding its affirmative defenses. Rule 11 requires a certification that the affirmative defenses are not being set forth for an improper purpose and that the defenses are "warranted by the existing law." Furthermore, assuming that affirmative defenses are making factual statements, Rule 11 requires certification that such factual assertions have evidentiary support or "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." FRCP 11.

Experian stated six affirmative defenses (and reserved the right to add additional defenses) in response to Plaintiff's complaint. Each of these affirmative defenses are warranted under the existing law and are possible to be supported by facts uncovered during discovery. Because discovery in this case is still ongoing (Plaintiff's deposition has not even been taken), it is premature to contend that Experian must have absolute facts supporting each and every one of its affirmative defenses. At the close of discovery, Experian will either update its interrogatory response or withdraw unsupported affirmative defenses.

8.   Experian states that it will provide an explanation for relevant abbreviations contained in its confidential documentation when they are produced.

9.   Plaintiff's letter states that interrogatory 12 sought information regarding individuals with "personal knowledge"; however, interrogatory 12 actually sought information regarding Experian's witnesses. It is possible that Plaintiff refers to interrogatory 13 which requests information regarding "all witness[sic] to the occurrence which is subject of this action." There is no reference to personal knowledge. Experian identified Kimberly Hughes in response to its interrogatory. Can Plaintiff explain what exactly constitutes the "occurrence" in this action?

Experian requests that Plaintiff rectify the following deficiencies in his discovery by November 1, 2004:

Interrogatory No. 12: Interrogatory No. 12 asked Plaintiff to identify all "notices, whether oral or in writing, made by Plaintiff to Experian." Plaintiff objected to this interrogatory

NYI-2162638v2

Jason David Fregeau
October 25, 2004
Page 4

as "asked and answered." Such an objection is not proper when related to interrogatory responses. Experian requests that Plaintiff withdraw all "asked and answered" objections.

Interrogatory No. 13: Plaintiff is asked to set forth all damages allegedly suffered by Plaintiff as a result of Experian's actions. Plaintiff again objected that the interrogatory was "asked and answered." However, Plaintiff refers Experian to his response to interrogatory 7 seeking information regarding emotional distress damages. This response is unclear. Does Plaintiff seek only emotional distress damages? If so, please advise and Experian will draft a stipulation to that effect.

### Deposition Scheduling

Any depositions of Experian witnesses will be held at Jones Day's Dallas Office, 2727 N. Harwood, Dallas, TX. A conference room will be provided. I have spoke with Kimberly Hughes, who will be Experian's 30(b)(6) designee, and we are available on November 19, 2004 (a date within your date range). As for Ms. Williams and Ms. Blaylock, I am uncertain why you determine that any individual besides the 30(b)(6) designee is necessary in this case. Ms. Williams has no personal knowledge of the matter and would only testify as a corporate designee, which she is not in this matter. Ms. Blaylock drafted a single letter to Plaintiff's counsel requesting additional information to obtain Plaintiff's credit file. Ms. Hughes will be able to testify as to Ms. Blaylock's minor role in Plaintiff's file.

Experian would like to schedule the deposition of Plaintiff and the other individuals listed in Plaintiff's interrogatory responses during the week of either Nov. 8. I presume Nov. 9 is available to you since it was suggested for Experian's deposition. Please let me know your available dates and whether you will accept a subpoena on behalf of the non-parties, including Mrs. Wheeler and Thomas Wheeler.

### Notice of Subpoena

Enclosed herewith is a copy of the Subpoena served upon Greenfield Mortgage, Inc. for documents regarding Mr. Wheeler.

I look forward to hearing from you.

Sincerely,

*Albert J Rota*

Albert J. Rota

NYI-2162638v2